**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE TRUJILLO, | Case No.: 1:21-cv-00058 JLT BAM |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND |
| v. | (Doc. 45) |
| H&S LBSE INC. dba 7-ELEVEN #22736G, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Jose Trujillo asserts he is disabled as defined by the Americans with Disabilities Act. He contends H&S LBSE Inc., doing business as 7-Eleven #22736G, and 7-Eleven, Inc., violated federal and California disability access laws by not having accessible features at a store located in Los Banos, California. (*See generally* Doc. 14.) A bench trial is set to commence on Plaintiff's claims on March 10, 2026.

On February 11, 2026, Plaintiff moved to amend the complaint to: (1) omit state law claims that have been dismissed without prejudice; (2) clarify language related to renovated exterior conditions pertaining to Plaintiff's existing parking accessibility claim; and (3) add claims relating to a restroom that is now open to the public. (Doc. 45-1.) Defendant opposes the motion. (Doc. 50.) For the reasons set forth below, the motion is **DENIED**.

## II.    LEGAL STANDARDS

### A.    Scheduling Orders

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." *Id*. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co*., 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co*., 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification. If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she

2

could not comply with the order.

*Id*. at 608 (internal citations omitted).

### B.    Pleading Amendments

Under Federal Rule of Civil Procedure 15, the plaintiff may amend its pleading with the court's leave. Fed. R. Civ. P. 15(a)(2). The Rule provides that "[t]he court should freely give leave when justice so requires." *Id*. The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev*., 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

A district court may exercise its discretion to deny amendment for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord Carvalho v. Equifax Info. Servs*., LLC, 629 F.3d 876, 892 (9th Cir. 2010); *AmerisourceBergen Corp. v. Dialysis West, Inc*., 465 F.3d 946, 951 (9th Cir. 2006). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend. *Eminence Cap., LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). "Undue delay by itself . . . is insufficient to justify denying a motion to amend." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th Cir. 1999)). Futility alone is sufficient to justify the denial of a motion to amend. *Smith v. Parriot*, No. 1:19-cv-00286-NONE-GSA-PC, 2021 WL 3616732, at *2 (E.D. Cal. Aug. 16, 2021).

### III.    DISCUSSION

Because Plaintiff seeks to amend the complaint after the deadline set by the Scheduling Order in this matter, the Court examines Plaintiff's diligence to determine whether amendment of the scheduling order is proper. *See Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1294 (9th Cir.

2000) (explaining the question of whether the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) apples to a motion for leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling order has expired). A Plaintiff's delay in seeking leave to amend fails to support a determination that he has acted diligently in seeking leave to file an amended complaint. *See ee Schwerdt v. Int'l Fidelity Ins. Co.,* 28 F. App'x 715, 719 (9th Cir. 2002) (delay of one month after learning of facts from a witness' deposition did not constitute diligence under Rule 16 in seeking leave to amend); *Sako v. Wells Fargo Bank, Nat. Assoc.*, 2015 WL 5022326, at *2 (S.D. Cal. 2015) ("Courts have held that waiting two months after discovering new facts to bring a motion to amend does not constitute diligence under Rule 16"); *Experexchange, Inc. v. Doculex, Inc*., 2009 WL 3837275, at *29 (N.D. Cal. Nov. 16, 2009) (delay of two months after discovering new facts, and after fully briefed summary judgment motion, did not meet the good cause standard under Rule 16).

Plaintiff does not meet the good cause standard here. As the proposed second amended complaint indicates, Plaintiff returned to the facility on January 9, 2026. (*See* Doc. 45-3, ¶ 9.) The motion to amend indicates counsel was made aware of the renovations in January 2026 (Doc. 45-2, ¶ 4), so the Court presumes the renovations had been completed by the time of Plaintiff's visit on January 9. Moreover, on January 16, 2026, Plaintiff's expert returned to the facility to perform an inspection. (*Id*., ¶¶ 4–5.) Counsel attended the inspection with the expert (*id*.) yet waited more than three weeks until after the expert submitted a preliminary report on February 9, 2026, to send a proposed amended complaint to the Defense. (*Id*., ¶ 7.) Given the fast-approaching trial date and the uncomplicated nature of the amendment, Plaintiff did not exercise diligence, which is dispositive.[1]

The Court also notes that in the Joint Pretrial Statement, Plaintiff indicated only that the re-inspection would narrow the claims in the case, not expand them:

It is likely that some of these alterations addressed the barriers

---

[1] In addition, there is no showing that the conditions of the restroom, which Plaintiff now wishes to include in this litigation, did not exist in earlier inspections.  Instead, in those earlier inspections, no one in the store at the time—including the expert--asked to use the bathroom. This bathroom could have been discovered four years ago had the question been asked.

4

> Plaintiff alleged in his First Amended Complaint, therefore Plaintiff is hereby requesting a re-inspection of the Facility to determine if he should no longer pursue some of his claims for injunctive relief. Such re-inspection will also allow Plaintiff to abandon some of the injunctive relief that has been addressed saving Court's time.

(Doc. 41 at 6.) Defendant's consent to the re-inspection (*see* Doc. 44 at 2–3), must be viewed against this backdrop.

## IV.   CONCLUSION AND ORDER

For all these reasons, the motion to amend (Doc. 45) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 23, 2026**

UNITED STATES DISTRICT JUDGE

5